In the Matter of the BOARD OF EDUCATION OF THE UTICA CITY SCHOOL DISTRICT, Respondent, Relative to Acquiring Title to Real Property Situate in the City of Utica. EDWALT BUILDING CORPORATION, Appellant, et al., Respondents.

Fourth Department, November 14, 1956.

*Richard O'C. Kehoe* for respondent.

*Daniel B. Myers* and *Donald Whelley* for appellant.

*Per Curiam.* Upon the present record the petitioner has failed to show a compliance with subdivision 6 of section 2512 of the Education Law. The Board of Education before designating

this site did not submit the proposed designation to the City Planning Commission. In December, 1952 the board, by appropriate resolution, undertook to ascertain the availability of a site for a new school in " northwest Utica ". Subsequently and on February 9, 1953 the chairman of the City Planning Board, in an informal letter to the board covering many subject matters, discussed at some length the matter of acquisition of land in northwest Utica for a school site. Two sites were recommended and concededly one of them was the site of which appellant's land is a part. At a meeting of the board on February 26, 1953 the committee reported that the estimated cost of seven land purchases would be $226,000. One of these items was for the acquisition of land in "northwest Utica for a new school." Thereupon a resolution was passed to submit a proposition to the voters of the school district to approve a bond issue to finance these and other projects.

This is the total information that may be obtained from the records of the board. Upon the trial an attempt was made to prove by the testimony of a member of the board that this particular site had been officially designated. Similarly, testimony was given by the superintendent of schools that he had frequently conferred with the secretary of the Planning Commission in regard to proposed sites in northwest Utica. In our opinion there is a complete absence of competent proof that the board designated a specific site for a school in northwest Utica and before such designation submitted the proposed designation to the Planning Commission for action as outlined in detail in subdivision 6 of section 2512 of the Education Law. Here the two sites under consideration, while both in " northwest Utica " were widely separated. We construe the statutory provision relating to the designation of a site as requiring something more than a geographical description by using two points of the compass. When consideration is given to the detailed provisions of subdivision 6 of section 2512 of the Education Law it becomes apparent that the site must be described with reasonable accuracy.

This condemnation proceeding is taken pursuant to the Condemnation Law. (Education Law, § 2511, subd. 1.) It is there required that the petition shall contain an allegation that all the preliminary steps required by law have been taken to entitle the petitioner to institute the proceedings. (Condemnation Law, § 4, subd. 7.) The petition herein contains such an allegation and it is denied by the answer. The recommendation of the Planning Commission of a proposed school site is something more than a mere formality. The board may not designate a

site contrary to such recommendation, except after a public hearing and by a vote of two thirds of its voting strength. In *County of Jefferson* v. *Horbiger* (229 App. Div. 381, 383) this court said that "To exact strict compliance with all statutory requirements is the right of an owner whose property is taken *in invitum*. Public policy makes the same exaction. The title of the public in the lands taken and the validity of public obligations which may be issued in connection with highway improvement might otherwise be seriously affected."

Particularly pertinent to the instant case is the decision of this court in *People* v. *Fisher* (189 App. Div. 148, affd. 233 N. Y. 663). There it appeared that the statute provided that the State could only purchase or acquire wild forest lands with the consent of the Governor. An attempt was made in the condemnation proceeding to prove that the Governor had given his oral consent. In striking down the proceeding it was said (p. 152): "If the consent of the Governor was necessary to give validity to the proceeding, as we believe that it was, it does not seem to us that the evidence of such consent should be permitted to rest in parol. If the fact of the Governor's consent could be proved by evidence of his oral statements, then the title to all lands acquired under this and like statutes might depend upon the uncertain recollection of witnesses, subject to mistakes and misunderstandings. It might also have to be determined from a conflict of evidence. It is conceivable that a case might arise where the Governor would testify that he did not give his consent and the members of the Forest Purchasing Board would testify that he did. Such a situation would lead not only to uncertainty and confusion in titles but to public scandal and loss of faith in the government itself." Moreover, in this proceeding no officer or member of the Planning Commission was called as a witness and no attempt was made to prove by its records that the required consent or recommendation had been given or made by the commission.

We conclude that the attempted condemnation of appellant's land was undertaken without jurisdiction. In view of this determination it is unnecessary to pass upon appellant's further contention that this proceeding could not be initiated in the absence of a resolution of the Board of Education stating the necessity therefor, describing the lands to be condemned and authorizing the commencement of condemnation proceedings. Upon the trial the petitioner offered in evidence such a resolution adopted some three months after the commencement of this proceeding. The trier of the facts properly sustained an objection to its receipt in evidence. Without passing upon the ques-

tion it would seem to be a minimal requirement that the resolution here adopted precede and not follow the commencement of the proceeding. (Cf. *County of Jefferson* v. *Horbiger,* 229 App. Div. 381, *supra.*)

The judgment appealed from should be reversed, upon the law and the facts, and the petition dismissed, with costs to appellant.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

Judgment reversed, on the law and facts, with costs, and petition dismissed without prejudice. Certain findings of fact disapproved and reversed and new findings made.