■ UNITED STATES STEEL CORPORATION (CERTIFIED INDUSTRIES DIVISION), Appellant-Respondent, v. SIGMUND SOMMER CONSTRUCTION Co., INC., Respondent-Appellant, et al., Defendants.— Order, Supreme Court, New York County, entered on December 12, 1973, denying plaintiff's motion for summary judgment and a cross motion by defendant Sigmund Sommer Construction Co., Inc., for similar relief, unanimously modified, on the law, to the extent of granting plaintiff's motion for summary judgment on the first cause of action of the amended complaint, directing the entry of judgment in favor of plaintiff thereon and severing the first cause of action; and otherwise affirmed. Plaintiff-appellant-respondent shall recover of defendant-respondent-appellant $60 costs and disbursements of this appeal. The " sales confirmation ", dated March 13, 1970, signed by both parties, and Sommer's purchase order, dated June 16, 1971, prepared on Sommer's own printed form, created binding, unambiguous written agreements between the parties for the purchase of concrete by Sommer from plaintiff. The purchase order was prepared and delivered by Sommer in accordance with the written provision in the sales confirmation that an " appropriate P. O. will be issued by Sommer ". The agreement of December 8, 1970, between Sommer and defendant, A. J. Quarant Contracting Co., Inc., by which the latter was hired to do excavation and foundation work and which noted that " arrangements for ready-mix cement have been made with ' Certified Industries ' [plaintiff] and this arrangement is part of this contract ", did not lessen or detract from the binding nature of the purchase order prepared and executed by Sommer over six months *thereafter*. It is admitted that concrete was delivered to the job site and utilized as envisioned by the above documents. The facts that the cement contracted for and invoices covering same may have been delivered directly to Quarant, standing alone, do not relieve Sommer from liability. Concur — Nunez, J. P., Kupferman, Lupiano, Capozzolli and Lane, JJ. [45 A D 2d 676.]

(June 11, 1974)

■ HILLSIDE PROPERTY OWNERS ASSOCIATION, INC., et al., Appellants, et al., Plaintiff, v. SALANTER AKIBA RIVERDALE ACADEMY, Respondent.— Judgment, Supreme Court, Bronx County, entered on July 17, 1973, unanimously modified, on the law, to the extent of striking therefrom the decretal paragraph dismissing the complaint and substituting therefor a provision declaring that construction of the school building as proposed does not constitute a public nuisance and that such facility is not barred by reason of the restrictive covenants set forth in the complaint, and, as so modified, the judgment is affirmed. Respondent shall recover of appellants $60 costs and disbursements of this appeal. We adopt the findings and conclusions reached by Trial Term. However, since this was an action for declaratory judgment, it was error to dismiss the complaint and a declaration of the parties' rights should have been made. (See *St. Lawrence Univ.* v. *Trustees of Theol. School of St. Lawrence Univ.*, 20 N Y 2d 317, 325; *Lanza* v. *Wagner*, 11 N Y 2d 317, 334, app. dsmd. 371 U. S. 74; *New York Sportings Arms Assn.* v. *City of New York*, 31 A D 2d 793, and cases cited therein.) Concur — McGivern, P. J., Markewich, Steuer, Capozzoli and Macken, JJ.