◼ BLANCHE W. PEASLEY et al., Appellants, v OGDEN REID, as Commissioner of Environmental Conservation, et al., Respondents.—Appeal from an order and judgment of the Supreme Court at Special Term, entered September 13, 1976 in Hamilton County, which denied plaintiffs' motion for summary judgment and granted summary judgment to defendants dismissing, on the merits, plaintiffs' complaint for declaratory and directory relief annulling an appropriation by the State of certain real property belonging to them. Plaintiffs owned approximately 88 acres of land located in the Adirondack Forest Preserve which was appropriated by the State pursuant to section 3-0305 of the Environmental Conservation Law. Plaintiffs challenge the validity of the appropriation. The parties stipulated that only the following issue of law was involved: "Does an incorrectness, inaccuracy or insufficiency in the Attorney General's certification of title in an appropriation under Environmental Conservation Law, Section 3-0305, render the appropriation invalid?" Special Term answered the question in the negative and denied plaintiffs' motion for summary judgment and granted summary judgment to defendants. This appeal ensued and plaintiffs raise two issues. They contend that the statute in question is unconstitutional on its face and

that the certification is invalid since it is inaccurate and insufficient. The constitutional issue was not raised in the pleadings or before Special Term. Consequently, it is not properly raised here (Matter of Chauvel v Nyquist, 55 AD2d 76). In any event, we find no merit to plaintiffs' contention that they were denied due process (Fifth Ave. Coach Lines v City of New York, 11 NY2d 342). As to the remaining issue, plaintiffs, more specifically, maintain that there were three errors: (1) the certification of title in plaintiffs as adverse claimants; (2) certification of title 11 months before the actual appropriation; and (3) certification of title as of December 5, 1965 when title was certified in 1974. We have examined plaintiffs' arguments regarding each of these alleged errors and find them unpersuasive. The record reveals that the Attorney-General certified the names of the owners of the property to be appropriated on January 23, 1974 before the map was filed in the office of the Department of Environmental Conservation on March 4, 1974 or in the Office of the Hamilton County Clerk on November 18, 1974. The record further reveals that the Attorney-General certified that the title to the property was in plaintiffs as adverse claimants; that plaintiffs were notified of the appropriation on December 19, 1974; that between the time title was certified and the time of the official appropriation a judgment had been obtained declaring that John Peasley had absolute title to the property and Blanche Peasley a life estate in a cabin located thereon. It is axiomatic that a statute which gives the State a right to deprive a person of his property against his will must be strictly construed (Matter of Board of Educ. [Edwalt Bldg. Corp.], 2 AD2d 443). In the instant case the record demonstrates defendant complied with the statute in notifying plaintiffs of the appropriation. Furthermore, approval by the Attorney-General is not required before the Commissioner of Environmental Conservation can appropriate property (Environmental Conservation Law, § 3-0305). The only inaccuracy in the certification was that the owners' interest in the property was stated incorrectly. Such a mistake is not sufficient to invalidate the certification. The requirement that plaintiffs have an opportunity to challenge the appropriation on the ground that it was not for public purposes was complied with since the notice went to the proper persons. Finally, the plaintiffs were in no way prejudiced. We agree with the conclusion of Special Term. However, since this was an action for declaratory judgment, it was error to dismiss the complaint (Hillside Prop. Owners Assn. v Salanter Akiba Riverdale Academy, 45 AD2d 683). We, therefore, modify the judgment by striking the second decretal paragraph and substituting therefor a provision declaring that the State's appropriation of plaintiffs' property is not invalid by reason of the Attorney-General's inadequate certification of title. Order and judgment modified, on the law, to the extent of striking therefrom the decretal paragraph dismissing the complaint and substituting therefor a provision declaring that the State's appropriation of plaintiffs' property is not invalid by reason of the Attorney-General's inadequate certification of title, and, as so modified, affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.