■ In the Matter of FRANK COOPER, Appellant, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered March 6, 1980 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate a default order issued by the New York State Tax Commission for the failure of the petitioner to pay the taxes due and file an undertaking for the costs of the proceeding, as required by section 1138 (subd [a], par [4]) of the Tax Law. On January 24, 1978, subsequent to an audit of the petitioner's retail grocery store business in New York City for the period between April 9, 1976 and January 10, 1978, a notice of final determination of taxes due in the amount of $9,560.93 plus penalty and interest of $5,798.02 was issued, pursuant to section 1138 of the Tax Law. Dissatisfied, the petitioner filed an application for a hearing with respect to his tax liability. On August 17, 1978 a notice scheduling a prehearing conference for September 15, 1978 was sent to the petitioner. This hearing was adjourned by consent at the petitioner's request. On November 2, 1978 the petitioner and his representative were sent a "Final Notice" of a conference to be held on November 27, 1978 and warned of the consequences of a default. A further request for postponement, made on the petitioner's behalf on November 22, 1978 was denied. In February, 1979 the petitioner was subpoenaed to appear on March 2, 1979 and on that date he and his representative appeared and told the tax representative that a request for a hearing had been made but that no answer to this request had been received. Nothing further occurred until August 8, 1979 when the "default order", specifying November 27, 1978 as the

date of the default, was sent to the petitioner, prompting him to commence this proceeding. Special Term dismissed the proceeding on the basis of petitioner's failure to pay the amount of taxes in issue or file the undertakings required by section 1138 (subd [a], par [4]) of the Tax Law, and we agree with that disposition. Unless petitioner challenges the taxing authority's jurisdiction on the ground that the taxing statute is unconstitutional or inapplicable, he must comply with the method of review prescribed in the Tax Law *(Matter of Fairbank Farms v Kasza,* 69 AD2d 1001, affd 49 NY2d 898). Here, petitioner challenges the determination of the tax liability on the basis of the Tax Commission's alleged failure to accord him certain procedures required by statute. In our view, while the basis of petitioner's challenge is procedural rather than substantive, he is, nevertheless, seeking the type of review of a determination of tax liability that requires compliance with the provisions of section 1138 (subd [a], par [4]) of the Tax Law. These provisions, which require payment of the tax assessed and the filing of an undertaking, are conditions precedent to petitioner's CPLR article 78 proceeding and noncompliance deprives the court of jurisdiction. Such deficiency cannot, therefore, be corrected within the proceeding itself by an order *nunc pro tunc,* as the petitioner contends. Petitioner also raises a constitutional challenge to the requirements of section 1138 (subd [a], par [4]), but since the petition does not seek review on this basis, we will not consider it for the first time on this appeal *(Peasley v Reid,* 57 AD2d 998, 999). Accordingly, the judgment of Special Term should be affirmed. Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.