■ In the Matter of JOSEPH P. KENNEDY et al., Petitioners, v NEW YORK STATE INCOME TAX BUREAU et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the

State Tax Commission, which denied petitioners' application for redetermination of their 1972/1973 income taxes, on a finding that Joseph P. Kennedy was a resident of New York State for those years. The decisive issue on this appeal is whether petitioner, Joseph P. Kennedy, who was for 18 years previously domiciled in New York State, changed his domicile to Toronto, Ontario, Canada, on September 1, 1972 until April 14, 1973, by accepting employment in a managerial position with a Canadian firm and moving to Canada. When he did so, his stated intention was to relocate his family in Canada after he sold his New York State residence and after he found good medical care there for his permanently impaired wife. During the seven-month period that this petitioner was in Canada, he lived in a leased residence, but did seek the services of a realtor in order to purchase a home in Canada. He also opened an account with a Canadian bank, registered his automobile with the Province of Ontario, filed and paid taxes to the Canadian government and inquired of the Canadian Consulate as to the procedures for becoming a landed immigrant. Petitioner's family, however, remained in New York in a residence owned by him, which he attempted unsuccessfully to sell, furnished. He visited his family occasionally on weekends and continued to contribute to the family's support. On April 14, 1973, due to economic problems of his Canadian employer, petitioner's Canadian employment was terminated and he returned to New York State, where he still resides. From these undisputed facts and circumstances, the determination of the respondent commission that the acts of petitioner Joseph P. Kennedy were merely preparatory to establishing a Canadian domicile, but did not actually establish a change of domicile, is supported by substantial evidence and must be confirmed. Petitioners have relied mainly on the majority decision of this court in *Matter of Zinn v Tully* (77 AD2d 725). However, that decision has been reversed by the Court of Appeals (54 NY2d 713). Having been a New York domiciliary for over 18 years prior to September, 1972, and having returned to this same domicile which his family never left, after only seven months of absence for employment purposes, a finding that there was no interruption in the domicile of petitioner Joseph P. Kennedy, as concluded by respondents, is fully warranted. (See *Matter of Reeves v State Tax Comm.*, 52 NY2d 959; *Matter of Babbin v State Tax Comm.*, 49 NY2d 846; *Matter of Cooper v Tully*, 79 AD2d 757.) The determination should be confirmed. Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.