OPINION OF THE COURT
Con. G. Cholakis, J.
Petitioners, the operators of a bar in Champlain, New York, were served with a “Notice of Determination and Demand for Payment of Sales and Use Taxes Due” on June 5, 1977. The petitioners demanded and received a hearing which resulted in a decision upholding the notice. Respondent’s decision was mailed on June 5, 1981 thereby allowing petitioners until October 5, 1981 to commence a proceeding challenging the respondent’s decision (Tax Law, § 1138, subd [a], par [4]).
Petitioners’ petition and notice of petition were served upon the respondent and the Attorney-General on August 4, 1981, well within the stated four-month limitation. Petitioners, however, failed to file the undertaking required by section 1138 (subd [a], par [4]) of the Tax Law at the time of service upon the respondent and the Attorney-General. Petitioners did file a purported undertaking with the respondent on October 5, 1981, their last day to institute this CPLR article 78 proceeding.
*323 The matter is before the court on respondent’s motion to dismiss on the grounds that a proper bond was not filed within the stated four-month period and therefore the court does not have jurisdiction of these proceedings.
It is clear that the filing of an undertaking is a condition precedent to petitioners’ CPLR article 78 proceeding and noncompliance deprives the court of jurisdiction and cannot be corrected nunc pro tunc (Matter of Cooper v Tully, 79 AD2d 757).
We must now examine the defects which respondent alleges exist in the purported undertaking actually filed. They are as follows:
(1) Petitioners did not sign the undertaking;
(2) the undertaking did not cover the costs of this proceeding or any charges accruing after September 3, 1981;
(3) the undertaking is not court approved.
The above-mentioned section 1138 (subd [a], par [4]) of the Tax Law requiring the questioned filing states “there shall be filed with the tax commission an undertaking, issued by a surety company” (emphasis supplied). This section does not prescribe the form which the undertaking must take or that the petitioners, as principals, are required to sign the undertaking. CPLR 2501 specifically states that principals (petitioners herein) need not sign an undertaking in order that it be valid.
Absent a statutory requirement that petitioners must sign the undertaking in order for it to be valid (it is noted that no New York law or Connecticut law, the surety’s State of incorporation, has been presented to the court in this regard) we must turn our attention to the contends of the written undertaking itself.
It seems clear that the surety itself may require the signature of the petitioners, as principals, as a condition precedent to its own responsibility. In that event, the undertaking would not be valid until signed by the petitioners (see 11 NY Jur 2d, Bonds, § 7). An examination of the filed instrument fails to disclose such a requirement and neither respondent nor the surety’s manager, in his affidavit, has called the court’s attention to any such requirement.
*324 The court is aware that the bond contains lines for the petitioners’ signatures and will therefore assume that the surety expected or even intended that they should sign. However it will not assume that the signatures were conditions precedent to surety becoming liable on the undertaking, especially since they could easily have incorporated that requirement in the printed form itself.
The court therefore concludes that it was not necessary for the petitioners to have signed the instrument presented for filing.
The sufficiency of the undertaking must now be considered. The undertaking binds the surety, the Aetna Casualty and Surety Company, to pay the respondent the sum of $19,171.40 as sales tax, including interest and penalties, due from the petitioners. Respondent alleges that the stated sum covers the assessed sales tax plus interest and penalty through September 3, 1981 and that there is nothing in the undertaking to secure payment of additional interest and/or additional penalties after September 4, 1981 nor is there anything in the undertaking to secure the payment of the costs of this proceeding.
Respondent does not set forth how interest and/or penalty has been computed to date nor how it shall be computed in the future.
Section 1145 of the Tax Law limits the penalty which can be imposed to 5% for the first month the tax remains unpaid plus 1% per each month thereafter until a maximum penalty of 25% has been reached.
An alternate penalty is provided in cases of fraud (it is noted that fraud is not here alleged). That involves a single assessment of 50% of the tax due.
Since respondent’s notice is dated June 15, 1977, more than 25 months ago, the court must assume that whichever method was used, no additional penalties can be assessed against the petitioners. The same section of law provides that interest shall be computed at the rate of 1% per month or one twelfth of the annual rate of interest set by the Tax Commission, whichever is greater. The court is not aware that the Tax Commission has, in fact, set an interest rate in excess of 1% per month.
*325 Regardless of the rate used and to be used, the respondent has not advised the court the process by which it arrived at the figure it claims petitioners owed on September 3, 1981. The court cannot, therefore, determine whether the amount of the undertaking is less than or in excess of any amount the petitioners may ultimately owe in the event they are unsuccessful. It is noted that the only formal computation of taxes, interest and penalty submitted to the court is dated June 5, 1977 in the total of $13,564.39.
The sole item which is admittedly not covered by the undertaking is a sum of money to secure payment of costs. CPLR 8503 sets said sum at $250 unless a greater sum is fixed by the court. It seems that such sum, in view of the over-all picture, is minimal and petitioners should not be further penalized since they have substantially complied with the requirements of law.
Finally, while Matter of Cooper v Tully (79 AD2d 757, supra) states that an undertaking cannot be filed nunc pro tunc, it does not state that a Justice of the Supreme Court cannot approve the amount, nunc pro tunc, of an undertaking timely filed.
The court hereby approves the sum of $19,171.40 as of October 5, 1981.
Motion to dismiss the petition is denied and respondent is directed to serve an answer within 10 days after service of an order granted herein with notice of entry.