OPINION OF THE COURT
Harold E. Koreman, J.
The defendant moves for dismissal of the .claim on the grounds that it fails to state a cause of action and that the defenses of payment and res judicata are a complete bar to the claim herein. The claimant cross-moves for summary judgment contending that he is entitled to the relief demanded in the claim as a matter of law.
The undisputed facts giving rise to the instant claim are as follows:
The State of New York, pursuant to the provisions of ECL 3-0305, appropriated certain lands owned by the claimant located in the Town of Lake Pleasant, Hamilton County, by filing an appropriation map in the Hamilton County Clerk’s office on November 18, 1974. Thereafter, a claim was filed by the claimant herein seeking damages in the sum of $1,110,000 as compensation for the taking of his property (Claim No. 60244). A trial was held in this court *828 on said Claim No. 60244 before the Honorable Thomas J. Lowery, Jr., which resulted in an award to the claimant in the sum of $163,800 with interest thereon from November 18, 1974 (the date of the appropriation) to May 18, 1975, and from May 19, 1976 to the date of the decision, February 6, 1980. A judgment was entered in the office of the clerk of the Court of Claims on March 27, 1980, in the amount of said award together with interest amounting in all to the total sum of $206,958.42. An appeal from said judgment was discontinued under an agreement and stipulation entered into between the claimant and the Department of Environmental Consérvation whereby the claimant was paid the full amount of the judgment awarded him together with interest “without costs or disbursements to either party.” The agreement also provided that the claimant would be permitted to continue to occupy the premises appropriated by the State and, in consideration therefor, the claimant would act as a caretaker of the property. On June 15, 1981 a check in the amount of $221,962.87 was paid by the State Comptroller to the claimant and his attorneys in satisfaction of the judgment awarded to the claimant for the appropriation of his property. The instant claim is predicated on the State’s refusal to audit and pay a subsequent voucher submitted by the claimant seeking reimbursement of $45,142.05 for legal fees and related expenses alleged to have been incurred by him in the prosecution of the claim filed for the appropriation of his property. Claimant maintains that he is entitled to recover such fees and expenses under the provisions of ECL 3-0305 (subd 14, par [b]) in effect at the time of the acquisition of claimant’s property.
The parties having submitted affidavits and other material extrinsic to the claim itself, the determinative issue on a motion to dismiss for failure to state a cause of action becomes whether or not the claimant has a viable cause of action (Wolcott v Broughton, 57 AD2d 1022, 1023).
The statute in question provided in pertinent part as follows: “In the event that there shall be a final judgment by a court of competent jurisdiction that the commissioner was not legally authorized to acquire property * * * pursuant to this section; or the commissioner denies that there *829 was any taking of property, makes no offer to settle the value of the claim for such property and there shall be a final judgment by a court of competent jurisdiction that the commissioner did in fact take such property; or the procedure to acquire such property is abandoned by the commissioner, authorization is hereby given for the reimbursement to the person or other entity entitled thereto, as determined by the commissioner, of an amount, separately computed and stated, for reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred by such person or other entity because of the acquisition procedure.” (ECL 3-0305, subd 14, par [b].) It is clear from a reading of the statute that it has no application to the facts underlying the claim at bar. None of the events contemplated by the statute have occurred here. This is not a case where the commissioner was not legally authorized to acquire the property, nor is it contended that the taking was not authorized under ECL 3-0305. Certainly the commissioner has not denied that there was a taking of the property since under the facts herein the appropriation was a de jure one effected by the filing of an appropriation map on November 18,1974. Moreover, when the validity of the said appropriation was challenged by the claimant, the Appellate Division, Third Department, determined that the State’s appropriation of claimant’s property was a valid and legal appropriation and granted a declaratory judgment to that effect (Peasley v Reid, 57 AD2d 998). Thus, the instant claim is barred by final adjudication against him with respect to the issue of whether or not the taking of claimant’s property was a de jure appropriation effected pursuant to appropriate legal procedures (Matter of Reilly v Reid, 45 NY2d 24). To further clarify the situation, the EDPL was amended by section 1 of chapter 839 of the Laws of 1977 which now expressly provides that an application for actual and necessary costs, disbursements and expenses, including reasonable attorney fees incurred can only be made in a case of a de facto appropriation when a court of competent jurisdiction determines that the condemnor did in fact take the property after the condemnor denied that there was any taking. (EDPL 702, subd [C].) Here, there *830 can be no question that the claimant’s property was acquired under a de jure appropriation effectuated by the filing of an appropriation map. He was compensated in full by the award and judgment rendered in his favor (Claim No. 60244, Ct of Claims, Feb. 6,1982, Lowery, J.), which is also res judicata barring the instant claim. Additionally, it appears that the claimant entered into the stipulation with the State whereby the appeal from the Court of Claims judgment was withdrawn and the claimant was permitted to remain on the premises after the claimant and his attorneys were advised that these additional costs and expenses in question here would not be paid.
The claimant’s argument that this was a de facto, not a de jure taking of his property because the State always contended that the lands belonged to the State and not to the claimant is unpersuasive. Unless conceded by the State and stipulated to, a claimant is always required to establish ownership of the property by competent proof in order to be compensated for the taking.
Accordingly, upon the claim, affidavits and exhibits submitted on these motions and for the reasons stated herein, it is
ordered, that the claimant’s cross motion be and hereby is denied, and it is further
ordered, that the defendant’s motion be and hereby is granted and the claim is dismissed.