OPINION OF THE COURT
John G. Connor, J.
The judgment debtor (Best) moved by order to show cause dated July 15, 1982 to vacate the warrant and tax collector’s levy pending a hearing and/or the determination of the validity of said warrant and levy.
The judgment creditor (Tax Commissioner) by motion dated January 14,1983 moved to dismiss Best’s petition to dismiss this matter on the grounds that:
(1) There is no underlying proceeding or action in connection with the stay sought herein by judgment debtor, or in the alternative, that
(2) judgment debtor has failed to state a cause of action,
(3) judgment debtor has failed to exhaust its administrative remedies,
(4) judgment debtor has failed to comply with statutory conditions precedent to bringing a CPLR article 78 special proceeding.
As a result of audits performed in 1976,1979 and 1980 it appears the New York State Tax Commission determined that the judgment debtor (Best) had failed to file proper *234 sales tax returns for taxable periods ending August 31, 1976, May 31, 1979 and May 31, 1980, and had consequently incurred penalties totaling $3,550.11. The Tax Commission claims a copy of the filing of a warrant for $3,550.11 was mailed to Best on June 21, 1982; a warrant (Nos. 50090742937, S8001143923 and S8009220638) was issued on June 23, 1982 and filed in the office of the Broome County Clerk. Best denies having received any notice whatsoever of the assessed penalty prior to being informed by its bank (Bankers Trust of Albany) on July 9, 1982, that it was holding $3,550.11 in Best’s account subject to levy on the Tax Commissioner’s warrant, and that it would transfer this amount to the State if no further action was taken within 10 days.
On July 15, 1982, Best obtained an order to show cause signed by Honorable Robert E. Fischer, staying (a) Bankers Trust of Albany from paying over any moneys pursuant to the levy and (b) staying the Tax Commissioner from executing its warrant or levy pending determination of Best’s motion. This order was served on the Tax Commissioner and on Bankers Trust of Albany the same day. The order to show cause was returnable on July 20,1982 and a default order was obtained in favor of Best, vacating the warrant and levy, authorizing release of the funds held by Bankers Trust Company of Albany to Best and staying the Tax Commissioner from further proceedings relative to the disputed penalties, pending notice to Best and an opportunity to be heard pursuant to statute.
On November 2, 1982 the aforesaid order was vacated, upon an order to show cause obtained by the Tax Commissioner on August 12, 1982 and in its place the parties stipulated (a) to change the venue to Albany County and (b) that the Tax Commissioner would, within 30 days, answer Best’s original order to show cause. This the Tax Commissioner has done by way of the Tax Commissioner’s present motion to dismiss the proceedings upon the grounds hereinabove set forth.
Upon Best’s original papers, the sole relief sought is a stay of the proceedings pending a hearing as to the validity of the warrant and levy. While supporting affidavits allege that upon information and belief no amounts are owed to *235 the State, the relief sought by Best is essentially procedural in nature, i.e., seeking notice and opportunity to be heard prior to seizure of its bank account, and not for a judicial determination or review of its tax liability. The thrust of Best’s papers is that the Tax Commissioner exceeded its jurisdiction in proceeding by warrant, without notice to Best, thus depriving Best of its property without due process of law. In other words, the preliminary relief sought by the order to show cause is identical to the permanent relief which would be sought by an article 78 petition, and this court elects to treat the original affidavit of Best’s president as such.
Section 1140 of the Tax Law provides that the procedures set forth in sections 1138 and 1139 are the exclusive remedies available to any person for the review of tax liability imposed by article 28 of the Tax Law; these sections require that certain administrative remedies be pursued and certain conditions precedent be met prior to commencement of an article 78 for review of determinations of the Tax Commission.
What the petitioner seeks, however, is not a review of an amount of tax liability or of any other determination, but rather seeks due process in connection with the process wherein a tax liability is determined. When so viewed, section 1140 does not bar this proceeding, which seeks to prohibit the Tax Commissioner from exceeding its jurisdiction. Therefore, the requirement of exhaustion of administrative remedies does not apply. (Matter of Cooper v Tully, 79 AD2d 757.)
In like manner, and since it appears that the funds in dispute have meanwhile come into the possession of the Tax Commissioner, the requirement of an undertaking is rendered moot and is not now a condition precedent to the instant proceeding. While the filing of an undertaking is clearly jurisdictional in proceedings under subdivision (a) of section 1138 and subdivision (b) of section 1138 of the Tax Law (Matter of Castine v New York State Tax Comm., 112 Misc 2d 322), this court has held the present petitioner to be not one contemplated by those sections, i.e., not subject to their jurisdictional requirements.
*236 Petitioner will be required, as a condition of going forward with this proceeding, to file with the Tax Commissioner an undertaking similar to that described in subdivision (a) of section 1138 of the Tax Law in the sum of $500 to cover costs and charges which may accrue in the prosecution of this proceeding.
The motion papers deal at length with disputes between Best and the Tax Commissioner over penalties and interest for tax periods unrelated to those referred to by the above-numbered warrants. Essentially, however, the present dispute is Best’s contention that the Tax Commissioner acted without jurisdiction to which is directed the Tax Commissioner’s argument that Best has failed to state a cause of action.
Subdivision (a) of section 1141 of the Tax Law provides that “[wjhenever any person required to collect tax shall fail to collect or pay over” an action may be brought to enforce payment of the tax. Further, subdivision (b) provides as an alternate remedy, the Tax Commissioner may issue a warrant.
A careful reading of the statute indicates no warrant may be issued until there has been a failure to pay an amount due under the law. In the case of an assessed penalty, moreover (in contrast to a taxpayer-computed tax liability), there can be no “failure to pay” without notice to the taxpayer that the penalty had been assessed, and does in fact exist as an amount due and payable. It follows that before the Tax Commissioner may proceed by warrant to collect an assessed penalty, it must give the taxpayer an opportunity to pay or to contest the same. Where the penalty has been imposed due to a failure to file returns, subdivision (a) of section 1138 is especially apt; it provides for notice to the taxpayer and allows a 90-day period within which a taxpayer may request a hearing.
Therefore, this court holds that the Tax Commissioner, in assessing penalties for failure to file proper sales tax returns, must follow the administrative procedure under subdivision (a) of section 1138 of the Tax Law before it may issue warrants under subdivision (b) of section 1141. (Matter of United Casket Co., 449 F Supp 261, 265, n 3.) Under this construction of the statutes, the court is not con *237 strained to determine the constitutionality of proceeding solely under subdivision (b) of section 1141 to collect a penalty. (Cf. Arthur Treacher’s Fish & Chips v New York State Tax Comm., 69 AD2d 550.)
It cannot be determined from the papers submitted whether the existence of the assessed penalties was communicated to Best prior to the issuance of the warrant and if so, how and when. This proceeding must, therefore, be remanded to Part I of the Trial Term, Supreme Court, Albany County, for an. immediate trial to determine the question of fact. (CPLR 7804, subd [h]; 22 NYCRR 862.5.)