■ JOHN F. CAHILL, JR., Appellant, v ANDREW C. PIENKOS et al., Respondents. — Mikoll, J.

Defendants executed a note and mortgage in favor of plaintiff on July 3, 1981 in connection with their purchase of a single-family home. They timely made several monthly payments by personal checks on the mortgage. Defendants relate that there came a time when plaintiff began to hold their monthly payment checks for lengthy periods before finally cashing all of them at one time.

Subsequently, defendants agreed to separate and decided to conclude their financial affairs. According to defendants, when they attempted to close the checking account on which they had been drawing their mortgage payment checks, the bank informed them that they could not do so because several checks were still outstanding. They decided, therefore, to close the account in early December 1983 by stopping payment on the four mortgage checks they believed to be outstanding. They issued a new teller's check to plaintiff to cover those checks. They forwarded the teller's check to plaintiff by certified mail, along with a United States Postal Service money order for the mortgage amount due in December 1983.

At about the time defendants sent the teller's check to plaintiff, plaintiff attempted to cash the four checks that had been replaced by defendants and one other check that defendants had mistakenly believed was not outstanding. The four checks were

returned to plaintiff marked "payment stopped". The fifth check was returned unpaid due to insufficient funds. Defendants, on becoming aware of the error, deposited funds in their account to cover that check. Meanwhile, plaintiff refused receipt of the teller's check and the postal money order, which were returned by the post office to defendants. Defendants also stopped payment on the fifth mortgage check and obtained another teller's check in its place. All of these checks were then forwarded to plaintiff's attorney. Plaintiff refused to accept any of these checks or money orders and commenced the instant foreclosure action against defendants. Defendants claim that they have continued to send monthly mortgage payments which plaintiff refuses to accept.

Defendants moved at Special Term to dismiss the foreclosure action on the ground that their defense was founded upon documentary evidence and on the ground of payment (CPLR 3211 [a] [1], [5]). Plaintiff cross-moved to dismiss defendants' defenses and for summary judgment. Special Term, without reaching the merits of the motions, ordered the motions "referred to trial term for hearing and determination pursuant to the procedures of 22 NYCRR 862.5". This appeal by plaintiff ensued.

There should be an affirmance. Special Term's reference of the motions to Trial Term was a proper exercise of its discretion (see, CPLR 3211 [c]). Where an issue of fact arises in the context of a motion that cannot be decided on the papers submitted, it is within Special Term's discretion to refer the factual issue to the Trial Calendar (see, State Tax Commn. v Best Pontiac, 119 Misc 2d 233, 237; see also, 22 NYCRR 1155.13 [a] [relating to calendar and practice rules in Erie and Niagara Counties]). Moreover, 22 NYCRR 862.5 provides for the procedure to be followed after Special Term has transferred a contested motion to the Trial Calendar. Its very existence implies that Special Term possesses the discretion to make such reference.

This appeal was only taken by plaintiff from Special Term's order. The issue, thus, is whether there are issues of fact to be resolved with regard to plaintiff's cross motion or whether Special Term erred in not granting plaintiff's cross motion. That motion requested that defendants' defenses be dismissed and that plaintiff be granted summary judgment on his complaint.

As to the first part of plaintiff's cross motion, which asked Special Term to dismiss defendants' defenses, it appears that plaintiff's motion may well be regarded as premature since no answer has yet been served. Under CPLR 3211 (b), a court may dismiss "one or more defenses on the ground that a defense is not

stated or has no merit" (*see,* Siegel, NY Prac § 269, at 327 [1978]).

The second portion of plaintiff's cross motion requested summary judgment on his complaint pursuant to CPLR 3211 (c). Under this section, Special Term may treat a motion made under CPLR 3211 (a) or (b) as one for summary judgment "[w]hether or not issue has been joined * * * after adequate notice to the parties" (CPLR 3211 [c]). Special Term did not do so here because it perceived factual issues (*e.g.,* the issue of whether and when defendants tendered complete payment to satisfy all outstanding indebtedness), the resolution of which would eventually influence the court's ruling on the merits of the motions.

Special Term has equitable authority to excuse defaults under a mortgage (*see, Fairmont Assoc. v Fairmont Estates,* 99 AD2d 895, 895-896, *lv denied* 62 NY2d 602). Since resolution of the disputed factual issues in defendants' favor could prevent foreclosure, it would be inappropriate to grant summary judgment to plaintiff in this case (*see, Di Matteo v North Tonawanda Auto Wash,* 101 AD2d 692, 693, *appeal dismissed* 63 NY2d 675). Accordingly, in view of the presence of questions of fact, Special Term acted within its discretion in referring plaintiff's cross motion to the Trial Calendar for hearing and disposition.

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.