■ In the Matter of LONG ISLAND RELIABLE CORP., Petitioner, v STATE TAX COMMISSION, Respondent.—Appeal, by permission, from an order of the Supreme Court at Special Term, entered November 5, 1976 in Albany County, which granted respondent's motion to dismiss the petition. Petitioner has been found personally liable for the unpaid sales taxes of another corporation under the provisions of subdivision (c) of section 1141 of

the Tax Law relating to the bulk transfer of business assets. Its petition for article 78 review of that determination has been dismissed by Special Term for failure to comply with section 1138 of the Tax Law and the narrow question presented for our review is whether that section mandates the filing of an undertaking or a deposit of certain sums as a precondition to the maintenance of such a proceeding under the circumstances presented. The record plainly demonstrates that the respondent tax commission did not proceed against petitioner by way of a jeopardy assessment in reliance on subdivision (b) of section 1138 of the Tax Law. The deposit and undertaking features of subdivision (a) thereof are applicable "If a return required by this article is not filed, or if a return when filed is incorrect or insufficient" (Tax Law, § 1138, subd [a]). Although petitioner filed no return, subdivision (c) of section 1141 of the Tax Law on which its claimed tax liability is solely dependent does not insist on the filing of such a return. Therefore, it follows that no deposit need be made or undertaking filed as a condition precedent to the institution of this article 78 proceeding (see *Matter of Parsons v State Tax Comm.*, 34 NY2d 190). Accordingly, the order appealed from should be reversed. Order reversed, on the law, without costs, and petition reinstated. Greenblott, J. P., Kane, Mahoney, Mikoll and Herlihy, JJ., concur.