■ HARCEL LIQUORS, INC., Respondent-Appellant, v EVSAM PARKING, INC., et al., Respondents, and NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Appellant-Respondent.—Order, Supreme Court, New York County, entered December 9, 1976, which, inter alia, denied preliminary injunctive relief, directed entry of judgment dismissing the complaint against the defendants Karpoff, and directed a hearing to assess the amount

of tax due, unanimously modified, on the law, to the extent of deleting the third, fifth, and sixth ordering paragraphs thereby denying a hearing for the assessment of tax, reinstating the complaint against the Karpoffs, and otherwise the order is affirmed, without costs or disbursements. Judgment, Supreme Court, New York County, entered December 30, 1976, dismissing the complaint against the defendants Samuel Karpoff and Evelyn Karpoff, unanimously reversed, on the law, vacated, and the complaint reinstated, without costs or disbursements. Evsam Parking, Inc. (Evsam), sold its liquor business to Harcel Liquors, Inc. (Harcel), in a bulk sale. The officers of Evsam, Samuel and Evelyn Karpoff, are now residents of Florida. The sale of the business, characterized as a "bulk sale" within the meaning of subdivision (c) of section 1141 of the Tax Law, occurred on February 28, 1974. The New York State Tax Commission (the commission) was not notified in advance of the sale, but after the commission was finally made aware of the transaction, Harcel, the purchaser, was notified that there was a tax owing to the commission in the amount of $6,216.23 covering the period of February 29, 1972 through February 28, 1974, and that Harcel was liable for its payment. Harcel then brought this suit against the commission, Evsam, and the Karpoffs for a declaration of the rights and liabilities of the parties regarding the taxes due; an injunction against the commission to prevent collection of the back taxes; and for indemnity from Evsam and the Karpoffs. Harcel moved for preliminary injunctive relief against the commission and, by separate motion, for summary judgment against Evsam and the individuals Karpoff. The commission, by cross motion, moved to dismiss the complaint. Special Term denied Harcel's motion for preliminary injunctive relief; granted the cross motion of the commission to dismiss the complaint only as to liability; directed a court hearing for an assessment of the amount of the tax due; denied Harcel's motion for summary judgment against Evsam; and dismissed the complaint against the Karpoffs. The court further directed that the amount owed to Harcel by Evsam be determined at the assessment hearing directed. We would modify the determination of Special Term. The persons required to collect sales and use tax include the officers and employees of a corporation under a duty to act for the corporation in complying with the tax laws (Tax Law, § 1131, subd [1]), and failure of one with a duty to collect the tax will result in personal liability (Tax Law, § 1133, subd [a]). The statute also provides that the determination by the taxing authority of the sales and use tax due finally and irrevocably fixes the tax unless the person against whom it is assessed applies for a hearing within 90 days of that determination (Tax Law, § 1138, subd [a]). The review provided by statute is the exclusive remedy available (Tax Law, § 1140). In the event that a business required to pay tax is sold in bulk, the purchaser is required to notify the commission, at least 10 days before taking possession, of the terms and conditions of the sale. Liability for the tax devolves upon the purchaser for failure to comply with the notice provisions (Tax Law, § 1141, subd [c]). In the case at bar, Harcel, the purchaser, concededly failed to notify the commission pursuant to subdivision (c) of section 1141 and failed to request a hearing within 90 days of the assessment (Tax Law, § 1138, subd [a]). We agree, therefore, with Special Term that Harcel was not entitled to preliminary injunctive relief; however, we also find that Harcel was not entitled to a hearing to assess the tax (Tax Law, § 1140). Furthermore, in view of the possibility that the individuals Karpoff as officers of Evsam could be held personally liable for the tax due, it was error to dismiss the complaint as to them. Harcel, however, is not entitled to summary judgment against the Karpoffs since their duties to pay

the tax (Tax Law, § 1131, subd [1]) are not clearly delineated in this record. We have modified the determination of Special Term accordingly. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sandler, JJ.