ARTHUR TREACHER'S FISH & CHIPS, INC., Appellant, v NEW
YORK STATE TAX COMMISSION et al., Respondents.

Third Department, July 26, 1979

## APPEARANCES OF COUNSEL

*Harter, Secrest & Emery (William H. Helferich, III,* of counsel), for appellant.

*Robert Abrams, Attorney-General (Wayne L. Benjamin, Jeremiah Jochnowitz* and *Shirley Adelson Siegel* of counsel), for respondents.

## OPINION OF THE COURT

GREENBLOTT, J. P.

Under a master franchise agreement, dated August 27, 1970, petitioner, Arthur Treacher's Fish & Chips, Inc., granted A.E.K. Enterprises, Inc. (A.E.K.) permission to operate five Arthur Treacher's Fish and Chips restaurants. On December 19, 1976 petitioner and A.E.K. entered into a written agreement whereby petitioner agreed to purchase the restaurants of A.E.K. and terminate the master franchise agreement.

By a notice and demand for payment of sales and use taxes due, dated September 23, 1977, the Department of Taxation and Finance notified petitioner that, pursuant to subdivision (c) of section 1141 of the Tax Law, it was liable for the unpaid sales taxes due from A.E.K. in the amount of $221,973.78. The notice also included a bulk sale assessment of $19,000, excluding penalty and interest. On November 21, 1977, the State Tax Commission issued a warrant against petitioner for the total amount of the taxes due—$228,271.07. Pursuant to subdivision (a) of section 1138 of the Tax Law, on December 20, 1977, petitioner, to preserve its rights, requested a hearing by the State Tax Commission to review the determination.

On January 19, 1978, petitioner commenced this proceeding to: (1) annul the September 23, 1977 notice and demand for payment of sales and use taxes due; (2) vacate the warrant issued by the Tax Commission; and (3) permanently enjoin respondents from collecting the sales taxes, penalties and interest for which petitioner has been determined liable.

Special Term dismissed the petition and referred the matter to respondents for an administrative hearing.

The first issue presented by this appeal is whether the notice and demand for payment of sales and use taxes due was properly issued against petitioner and whether respondents are authorized to proceed administratively against petitioner to recover the unpaid sales taxes.

■ Subdivision (c) of section 1141 of the Tax Law requires a bulk purchaser to notify the State Tax Commission of the proposed sale at least 10 days before taking possession. If the purchaser fails to give the 10-day notice, the purchaser becomes "personally liable" for the seller's unpaid sales taxes, and "such liability may be assessed and enforced in the same manner as the liability for tax under [art 28]" (Tax Law, § 1141, subd [c]). Petitioner concededly did not notify the State Tax Commission of its purchase of A.E.K.'s assets. Therefore, the unpaid sales taxes of A.E.K. became a personal liability of petitioner which can be assessed and enforced pursuant to article 28 of the Tax Law.

Subdivision (a) of section 1138 of the Tax Law provides that where a return required by article 28 is not filed or is incorrectly filed, the State Tax Commission may issue a notice of determination to the "person liable for the *collection* or *payment* of the tax" (emphasis added). It is readily apparent that the statute clearly distinguishes between a person liable for collection of the tax and one liable for payment of the tax. Here, since A.E.K. filed incorrect sales tax returns for the period in question, the State Tax Commission was authorized to issue the notice against petitioner. By failing to comply with subdivision (c) of section 1141, it became the "person liable for the * * * *payment* of the tax" (Tax Law, § 1138, subd [a]; emphasis added). Thus, the administrative procedures authorized by subdivision (a) of section 1138 properly became applicable (see *Harcel Liqs. v Evsam Parking,* 61 AD2d 967). Moreover, section 1138 does not provide that the administrative procedures specified therein are applicable only to those persons required to file a return, here, A.E.K. To the contrary, the statute provides, without specifying who filed the return, that where a return is not filed or is filed incorrectly, then the State Tax Commission may issue a notice against the "person liable for the *collection or payment* of the tax" (emphasis added). During the period in question, petitioner's seller was of course responsible for the *collection* of the tax. However,

since petitioner failed to comply with the provisions of subdivision (c) of section 1141 of the Tax Law, it became personally liable for *payment* of A.E.K.'s unpaid sales taxes.

Petitioner's reliance upon *Matter of Parsons v State Tax Comm.* (34 NY2d 190) is misplaced. In *Parsons,* the Court of Appeals explained that where a corporation properly filed its sales tax returns, the State Tax Commission may not utilize the provisions of subdivision (a) of section 1138 to recover from the officers and directors the taxes which the corporation failed to pay (34 NY2d, at p 196). The court concluded that the provisions of section 1138 were not applicable since "correct and sufficient returns for the amounts owing were duly filed by the corporation" (34 NY2d, at p 196). The unmistakable implication of *Parsons,* however, is that if the corporation had filed incorrect returns, then the administrative remedies authorized by section 1138 could properly be utilized by the State Tax Commission against the corporate officers and directors. Thus, in the case at bar, A.E.K., as noted, filed incorrect returns and, therefore, section 1138 became available to assess and enforce the liability for the tax against petitioner. Finally, *Matter of Long Is. Reliable Corp. v State Tax Comm.* (60 AD2d 727) should be limited to its "narrow" holding that a bulk purchaser held liable for the seller's unpaid sales taxes need not post an undertaking or a deposit as a prerequisite to review thereof by way of an article 78 proceeding.

The second question is whether subdivision (b) of section 1141 of the Tax Law, which authorizes issuance of a warrant against a person liable for the tax, violates procedural due process. That section, an additional remedy to recover tax, empowers the State Tax Commission to issue against a person liable for the tax a warrant directed to either the Sheriff or an officer or employee of the Department of Taxation and Finance and ordering them to levy upon and sell the real and personal property of that person to satisfy the tax due. The warrant must be filed with the county clerk within five days after issuance and upon entry into the judgment docket, it creates "a lien upon the title to and interest in real and personal property of the person against whom the warrant is issued" (Tax Law, § 1141, subd [b]). The warrant must then be executed and returned to the State Tax Commission, together with the money collected to satisfy the tax, within 60 days after its receipt. Here, the State Tax Commission issued a warrant against petitioner on November 21, 1977, directing an

employee of the Department of Taxation and Finance to levy upon petitioner's property to the extent of $228,271.07, plus interest. The warrant was filed in the Albany County Clerk's office on November 23, 1977. As appears from the record, however, no steps have yet been taken to execute the warrant.

■ We conclude that under the circumstances of this case, issuing and filing the warrant did not in and of themselves violate procedural due process. The only consequence of filing the warrant with the county clerk was to impose upon petitioner's personal and real property a lien, which, of course, did not entail a physical seizure of petitioner's property subject to the warrant. Petitioner has been deprived neither of the use or possession of its property nor of the incidents of ownership. As explained in *Morse, Inc. v Rentar Ind. Dev. Corp.* (56 AD2d 30, 35-36, affd 43 NY2d 952), albeit in a different context, filing a mechanic's lien, though it diminishes the economic value of the realty, does not result in the deprivation of any significant property interest. The owner has been deprived neither of the use or possession of its property nor of the incidents of ownership, and requiring a hearing prior to filing the lien would destroy the utility of a mechanic's lien for those who have furnished labor or materials to the premises. Here, filing the warrant merely effectuates subdivision (c) of section 1141, providing that where a bulk purchaser fails to comply with its provisions, the consideration which the purchaser is to transfer to the seller is subject to a "first priority right and lien" for the taxes due from the seller. It did not amount to actual deprivation of petitioner's property. Furthermore, under the circumstances, requiring a hearing prior to the filing of the warrant would substantially impair and undermine the purpose and intent of the bulk purchase statute set out in section 1141 (cf. *Morse, Inc. v Rentar Ind. Dev. Corp., supra).*

However, for the reasons that follow, we hold that subdivision (b) of section 1141 is unconstitutional. It amounts to a deprivation of property without due process of law insofar as it fails to provide the opportunity for at least a prompt postlevy hearing into the probable validity of the State Tax Commission's claim against petitioner.

The State's interest in collecting revenues is sufficiently important to justify seizure of a taxpayer's assets without a preseizure hearing (see *Fuentes v Shevin,* 407 US 67, 91-92); this is based upon the government's need to promptly secure

its revenue (see *Phillips v Commissioner,* 283 US 589, 596-597). But it is "very doubtful" that this interest justifies a seizure causing irreparable injury without a preseizure hearing or a prompt postdeprivation hearing into the basis underlying the State Tax Commission's assessment *(Commissioner v Shapiro,* 424 US 614, 630, n 12). Although the Supreme Court in *Shapiro* did not squarely hold that such a seizure violates due process, recent decisions including *Shapiro* in dicta, have interpreted due process to require that where irreparable injury may result from a summary seizure of property pending final adjudication of the rights of the parties, there must at least be an opportunity for a hearing before or promptly after the seizure at which the probable validity of the deprivation must be shown *(Commissioner v Shapiro, supra,* p 629; *Laing v United States,* 423 US 161, 187 [BRENNAN, J., concurring]; *North Ga. Finishing v Di-Chem,* 419 US 601, 608; *Mitchell v Grant Co.,* 416 US 600, 618; *Goldberg v Kelly,* 397 US 254, 264; *Sniadach v Family Fin. Corp.,* 395 US 337, 341-342; cf. *Sharrock v Dell Buick-Cadillac,* 45 NY2d 152, 166). Here, petitioner has set forth sufficient allegations of irreparable injury if the warrant is executed since, in all likelihood, it would result in the closing of petitioner's restaurants subject to the warrant. We hold, therefore, that petitioner is entitled to at least a prompt postlevy hearing at which the probable validity of the State Tax Commissioner's claim may be inquired into.

Although section 1138 provides for a postlevy administrative determination, that section does not require that the hearing be held promptly after the levy; in fact, no time period within which the hearing must be held is prescribed. Additionally, subdivision (b) of section 1141 contains no requirement that execution of the warrant await the outcome of such a prompt postlevy hearing. Here the warrant was issued on November 21, 1977 directing that it be filed within 5 days and executed within 60 days. The notice was issued to petitioner on or about September 23, 1977, and pursuant to subdivision (a) of section 1138, petitioner's time for requesting a hearing did not expire until at least December 23, 1977, 30 days after the filing of the warrant. Thus, there is at least one month during which the State Tax Commission could execute the warrant and thereby cause irreparable injury to petitioner, without ever having to show that its claim has probable validity. Moreover, there is no requirement in subdi-

vision (a) of section 1138 entitling petitioner to a prompt hearing.

The State Tax Commission's contention that since petitioner could summarily commence this instant proceeding, it was provided with an ample and speedy opportunity to be heard is without merit. This contention was rejected by the Supreme Court in *Fuentes v Shevin (supra,* p 83, n 13), by the Court of Appeals in *Sharrock v Dell Buick-Cadillac (supra,* p 165), and we too now reject it in this case before us. Petitioner was notified that a warrant would be issued upon its failure to pay the taxes owed by A.E.K., but that in itself cannot be deemed a substitute for a prompt postlevy inquiry into the probable validity of the State Tax Commission's assessment against petitioner.

In arriving at this decision, we reach no other issues.

The judgment should be modified by vacating the warrant issued November 21, 1977, and, as so modified, affirmed, without costs.

MIKOLL, J. (dissenting). I respectfully dissent for the reasons set forth in *Matter of Milmar Super Drugs Corp. v Department of Taxation & Fin. of State of N. Y.* (71 AD2d 778).

SWEENEY and HERLIHY, JJ., concur with GREENBLOTT, J. P.; MIKOLL, J., dissents and votes to reverse in an opinion.

Judgment modified by vacating the warrant issued November 21, 1977, and, as so modified, affirmed, without costs.