■ In the Matter of MILMAR SUPER DRUGS CORP., Respondent, v DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered March 3, 1978 in Albany County, which, in a proceeding pursuant to CPLR article 78, annulled a determination of the State Tax Commission. On or about April 19, 1968, petitioner Milmar Super Drugs Corp. purchased, in bulk, a drug store business from Milmar Super Drugs, Inc. (seller). Approximately one year after the sale was apparently consummated, the Department of Taxation and Finance (department) received a "notification of sale, transfer or assignment in bulk" specifying the terms and conditions of the sale. In October of 1969, the department sent petitioner a notice of claim in which it stated that a possibility existed that petitioner would be liable for any sales tax owed by the seller. By a "notice of determination and demand for payment of sales and use taxes due" dated December 18, 1969, petitioner was advised that pursuant to subdivision (c) of section 1141 of the Tax Law, it was liable for the seller's unpaid sales taxes. On or about June 24, 1970, the department notified petitioner that a warrant would be issued and enforced if the overdue sales tax was not paid within 10 days. Approximately one year later, the seller executed a "consent to fixing of tax not previously determined and assessed" in the amount of $12,743.90. The tax, however, was never paid and, in early 1977, petitioner was advised that it would have to pay the tax. In March of 1977, petitioner requested a hearing before the State Tax Commission to review the determination of the department, but by letter dated March 31, 1977, the request was denied upon the ground that it was not timely. Petitioner thereafter commenced this proceeding requesting that it be granted a hearing by the State Tax Commission to review the determination. Special Term annulled the determination, concluding that in the context of a bulk purchaser, it was issued pursuant to unauthorized administrative procedures. We disagree for the reasons set forth more fully in *Matter of Arthur Treacher's Fish & Chips v New York State Tax Comm.* (69 AD2d 550). The administrative procedures authorized by subdivision (a) of section 1138 of the Tax Law are available to enforce petitioner's tax liability. Since petitioner failed to notify the State Tax Commission of the proposed bulk sale at least 10 days before taking possession, under subdivision (c) of section 1141 of the Tax Law it became "personally liable" for the seller's unpaid sales taxes. Subdivision (c) of section 1141 further provides that "such liability may be assessed and enforced in the same manner as the liability for tax" under article 28 of the Tax Law. Pursuant to subdivision (a) of section 1138 thereof, where a tax return required by article 28 is not filed or is filed incorrectly, the State Tax Commission may issue a notice of determination to the "person liable for the *collection* or *payment* of the tax" (emphasis added). Here, since the seller filed incorrect sales tax returns for the period in question, the State Tax Commission was authorized to issue the notice against petitioner. By failing to comply with subdivision (c) of section 1141, petitioner became the "person liable for the * * * *payment* of the tax" (§ 1138, subd [a]; emphasis added). Thus, the administrative procedures authorized by subdivision (a) of section 1138 properly became applicable. Under subdivision (a) of section 1138, the notice of determination becomes final unless the person requests a hearing within 90 days. Petitioner did not timely request a hearing before the State Tax Commission to review the assessment levied against it, and, therefore, its petition should have been dismissed *(Harcel Liqs. v Evsam*

*Parking,* 61 AD2d 967). Judgment reversed, on the law, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to affirm in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Subdivision (a) of section 1138 of the Tax Law refers only to situations where a return is not filed or is filed but is incorrect or insufficient *(Matter of Parsons v State Tax Comm.,* 34 NY2d 190). The filing requirements of the section relate to persons who had the duty to file the return. This petitioner was not involved in the seller's business when the disputed taxes arose and the imperatives of the section do not relate to it *(Matter of Long Is. Reliable Corp. v State Tax Comm.,* 60 AD2d 727). It follows then that since this petitioner was not required to file a return, it is not a party that the section was intended to cover, and the determination against it was issued pursuant to unauthorized administrative procedures. The respondent is not without recourse against the petitioner. The proper course for respondent is an action to enforce payment brought in a court of law where the issues can be finally litigated *(Matter of McMahan v State Tax Comm.,* 45 AD2d 624, mot for lv to app den 36 NY2d 646; *Matter of Jamestown Lodge 1681 Loyal Order of Moose [Catherwood],* 31 AD2d 981).