In the Matter of DAVID BERG, Appellant, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.

Third Department, March 31, 1983

APPEARANCES OF COUNSEL

*David Berg, pro se,* and *Berg & Dorf* (*Ellen K. Harrison* and *Cohen & Uretz* of counsel), for David Berg, appellant.

*Robert Abrams, Attorney-General* (*Wayne L. Benjamin* and *William J. Kogan* of counsel), for respondents.

OPINION OF THE COURT

WEISS, J.

The issue in this appeal is whether respondents correctly interpreted the State income tax law to limit the amount of the net operating loss petitioner sustained in 1973 and 1974 as a carryback deduction in recalculating his 1971 adjusted gross income, to an amount less than that allowable as a net operating loss deduction for Federal income tax purposes. Because petitioner sustained net operating losses of $110,533 in 1973 and $235,236 in 1974, he filed a

claim for both Federal and New York refunds for income taxes paid for 1971, by seeking to carry those losses back.

The controversy resulted from respondents' disallowance of that portion of his 1973 and 1974 net operating loss carryback against his 1971 adjusted gross income which exceeded the "positive Federal taxable income" for that year. His Federal adjusted gross income for 1971 was $326,590 which, after subtraction of itemized deductions and exemptions, became $166,172, his Federal taxable income, commonly called "positive Federal taxable income".

Petitioner had available for use as a loss deduction against his 1971 Federal taxable income, $80,913, which represented the excess of his carryback and carryforward losses over the 1970 taxable income. He was further entitled to carry back his 1974 operating loss of $235,236 which, together with the $80,913, gave him a total deduction of $316,149 available to offset his 1971 Federal adjusted gross income of $326,590. Because the deduction was less than the modified taxable income of $368,875 (computed according to US Code, tit 26, § 172, subd [b], par [2]; subd [d]), petitioner was permitted to deduct the entire $316,149.

For State purposes, New York adjusted gross income is defined as Federal adjusted gross income with certain modifications not here applicable (Tax Law, § 612, subd [a]), which in this case was $326,590. Petitioner sought to deduct the entire $316,149 operating loss for 1971 (used on his Federal return) from his New York adjusted gross income of $326,590. However, respondents allowed a deduction of only $166,172, the amount of his 1971 "positive Federal taxable income", determining that the deduction was limited to the amount of actual economic benefit, for Federal purposes, generated by the deduction. Respondents' computation allowed the 1970 carryforward loss of $80,913 and a carryback of only $85,259 of the 1974 loss ($235,236), or a total of $166,172. In this proceeding, petitioner contends that subdivision (a) of section 612 of the Tax Law provides that the State adjusted gross income shall be the same as the Federal amount, and that the same net operating loss deduction permitted on his Federal

return must be allowed by the State. Special Term upheld respondents' determination and dismissed the petition, giving rise to this appeal.

Petitioner erroneously interprets *Sheils v State Tax Comm.* (95 Misc 2d 605, revd 72 AD2d 896, revd 52 NY2d 954) and subdivision (a) of section 612 of the Tax Law to sustain his position. Although the statute provides that State adjusted gross income shall be the same as the Federal adjusted gross income with certain modifications (not here applicable), respondents' limitation of an operating loss deduction for State purposes to the amount of "positive Federal taxable income" was tacitly approved by the Court of Appeals in *Sheils* (*supra*). To be remembered is the fact that there is no statutory provision in New York State's Tax Law which specifically provides for a net operating loss deduction to be carried forward or carried back. New York taxpayers are permitted to carry back or carry forward operating losses only insofar as such items are, for Federal income tax purposes, deducted from gross income to arrive at adjusted gross income. Respondents' limitation of the State deduction to the amount of positive Federal taxable income was, as stated above, ultimately confirmed by the Court of Appeals in *Sheils* (*supra*). Moreover, it is clear that for Federal purposes, losses are only utilized in an amount which offsets Federal taxable income (see US Code, tit 26, § 172, subd [b], par [2]). Because modifications required by section 612 of the Tax Law in computing New York adjusted gross income require adding back certain items deducted from Federal gross income, and also because itemized deductions may differ, New York taxable income may often exceed Federal taxable income. Thus, if the full amount of the loss carryback, rather than only the amount required to reduce Federal taxable income to zero, were allowed, the deduction could offset more New York income than Federal income, and the taxpayer could have the benefit of the deduction in more than one year. This "double deduction" problem becomes apparent when we compute the carryforward loss for the succeeding year. In essence, because deductions may not reduce Federal taxable income below zero, that portion of the loss not utilized to offset Federal taxable income can be carried forward,

and the same amount is used for both State and Federal purposes (US Code, tit 26, § 172, subd [b], par [2]). The result is that a portion of the amount carried forward, which has already reduced a portion of State taxable income the first year, would again be available as an offset in the succeeding year. This would result in an unauthorized double deduction. Respondents' determination precludes the use of losses which have already been used in a prior carryback year from being used a second time in the following year. This prevents double use of the same tax losses and is, therefore, a reasonable interpretation and is consistent with Federal provisions which limit carryforward losses to the amount not used to reduce Federal taxable income to zero in the preceding year (US Code, tit 26, § 172, subd [b], par [2]). Since respondents' interpretation prevents such double deductions, it is neither irrational nor unreasonable, and should be upheld (*Matter of Howard v Wyman,* 28 NY2d 434).

The judgment should be affirmed.

MAHONEY, P. J., SWEENEY, MAIN and CASEY, JJ., concur.

Judgment affirmed, with costs.