◼ In the Matter of CROWN PUBLISHERS, INC., et al., Petitioners, v JAMES H. TULLY, JR., et al., Constituting the New York State Tax Commission, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales and use tax assessment imposed pursuant to article 28 of the Tax Law. Following a hearing, respondent confirmed notices of determination and demands for payment of sales and use taxes together with interest and penalties made against petitioners by the Sales Tax Bureau resulting from their rental of mailing lists in the form of preaddressed gummed labels, which petitioners affixed to catalogues mailed to potential customers both within and without the State. Respondent acknowledged that while catalogues purchased in bulk within the State and shipped for use outside the State are exempt from sales and use taxes (Tax Law, § 1119, subd [a], par [2]), the labels affixed to the catalogues do not qualify for the exemption and that no allocation exempting those labels sent outside the State is permissible. Respondent further held that the rental of the mailing list constitutes the sale of tangible personal property (Tax Law, § 1105, subd [a]) and/or an information service (Tax Law, § 1105, subd [c], par [1]), citing *Matter of Drey Co. v State Tax Comm.* (67 AD2d 1055, mot for lv to app den 47 NY2d 708). The determination confirmed assessments which were adjusted after conferences to $60,213.20 (including penalty and interest) against Outlet Book, Inc., and $30,122.65 (including penalty and interest) against Crown Publishers, Inc., and Nathan Wartele, individually. This CPLR article 78 proceeding was commenced seeking a judgment annulling the determination as arbitrary, capricious and contrary to article 28 of the Tax Law, and setting aside all penalties imposed. We have recently held that

the purchase and/or rental on a limited use basis of preaddressed gummed mailing labels to facilitate direct mail solicitation clearly constitutes a taxable sale of tangible personal property pursuant to subdivision (a) of section 1105 of the Tax Law (*Matter of Mertz v State Tax Comm.*, 89 AD2d 396). Petitioners, while conceding this rule, contend that the provisions of section 1119 (subd [a], par [2]) of the Tax Law, which exempt from the tax the sale or use of property purchased in bulk which is stored and not used by a purchaser within this State if that property is shipped outside this State by that purchaser for use outside this State, also apply to the preaddressed gummed mailing labels affixed to those catalogues mailed outside the State. To further buttress their contention, petitioners argue that respondent failed to consider the provisions of subdivision (d) of section 1115 of the Tax Law which exclude information services (otherwise taxable under Tax Law, § 1105, subd [c], par [1]) from the tax, as applicable to labels affixed to the exempt catalogues. It must be noted that petitioners have neither alleged nor sought to prove the conditions specifically required by that statute as bases for the exemption, i.e., that the labels were either stored in this State or sent outside this State for use. Further, the exemption granted by section 1119 (subd [a], par [2]) only applies when the goods have not been put to any use in this State. Here, the labels were clearly used in this State when they were affixed to catalogues for mailing. A different result is required with respect to petitioners' final argument. Section 1119 (subd [a], par [4]) of the Tax Law provides an exemption from sales tax for: "the sale or use within this state of tangible personal property, not purchased for resale, if the use of such property in this state is restricted to fabricating such property (including incorporating it into or assembling it with other tangible personal property), processing, printing or imprinting such property and such property is then shipped to a point outside this state for use outside this state". We hold that respondent's conclusion that this statute is inapplicable to the facts of this case is erroneous. The section specifically allows a limited use in New York provided such use is limited to incorporating the property into or assembling it with other property. The labels were of no use until affixed to catalogues and those labels which were affixed to catalogues mailed to points outside New York State should be exempt. The Legislature's specific intent was to eliminate the incentive for business to have fabrication, processing and printing done in a nontax State where the completed product will be used outside New York State (see Memorandum of Department of Taxation and Finance, NY Legis Ann, 1967, pp 219-220). Respondent misconstrues our decision in *Matter of Mertz v State Tax Comm.* (89 AD2d 396, *supra*), where we held mailing lists contained on magnetic computer tapes constituted a sale of information taxable under section 1105 (subd [c], par [1]) of the Tax Law. In *Mertz* (*supra*, p 399) we specifically recognized that the exemption under section 1119 (subd [a], par [4]) "applies only to sales of tangible personal property, purchased for other than resale, which is subject to certain limited uses in New York and then is shipped out of the State for use outside of New York", the situation existing here. Tax exemption statutes are to be strictly construed and ambiguities resolved against exemption (*Matter of Airlift Int. v State Tax Comm.*, 52 AD2d 688, 689), and the construction by an agency responsible for its administration will generally be upheld if not irrational or unreasonable (*Matter of Berg v Tully*, 92 AD2d 436). However, where the question depends upon apprehension of legislative intent and requires simple reading and analysis, no reliance upon agency expertise is required and its construction bears little weight (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459). We find petitioners' situation to be exactly that intended by the Legislature. We therefore annul respondent's determination to the extent that exemption from sales tax was

denied upon those labels affixed to catalogues sent outside this State for use outside New York State. The only remaining issue that it is necessary for us to address is the propriety of the transfer of this proceeding to this court by Special Term. Since petitioners did not raise the question of whether the determination was supported by substantial evidence, there should not have been a transfer (see CPLR 7804, subd [g]). However, once transferred, this court should determine all issues (CPLR 7804, subd [g]; *Matter of Shurgin v Ambach,* 83 AD2d 665, 666, affd 56 NY2d 700). Determination modified, by annulling so much thereof as denied petitioners an exemption from taxation for those labels affixed to catalogues sent to points outside of this State for use outside of New York State, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith, and, as so modified, confirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

Casey, J., dissents and votes to confirm in the following memorandum. Casey, J. (dissenting). In my view, the Tax Commission's interpretation of section 1119 (subd [a], par [4]) of the Tax Law, as applied to the facts herein, is not irrational and, therefore, its determination should be confirmed. The mailing labels were not incorporated into or assembled with the catalogues; they were simply affixed to the outside of the already completed product. The labels had no relation to the function of the catalogues. They were used only in the delivery of the completed product to the users of that product. Indeed, once the catalogues were in the hands of the actual users the mailing labels served no purpose and their removal would have had no effect on the utility of the catalogues. As noted by the Tax Commission, the sole purpose of the labels was to provide the means for sending petitioners' completed product (the catalogues) from New York to prospective users of the catalogue, both within and without the State. Once the catalogues were in the hands of the users, the labels' function was at an end. Under these circumstances, it was not irrational to conclude, as the Tax Commission did, that the use of the mailing labels in New York was not restricted to fabricating the catalogues and that, therefore, petitioners were not entitled to the exemption in section 1119 (subd [a], par [4]) of the Tax Law.