In the Matter of AUTOMATIQUE, INC., Petitioner, v ROBERT W. BOUCHARD et al., Constituting the State Tax Commission, Respondents.

Third Department, December 8, 1983

APPEARANCES OF COUNSEL

*Laurence Reich* for petitioner.

*Robert Abrams, Attorney-General* (*Maurice K. Peaslee* and *William J. Kogan* of counsel), for respondents.

OPINION OF THE COURT

YESAWICH, JR., J.

Notices of determination and demands for payment of sales and use taxes due, together with penalty and interest thereon, were issued by the New York State Sales Tax Bureau to Automatique New York, Inc., and City Vending, Inc., predecessors to petitioner, for the period August, 1965 through August, 1967, and to Automatique New York, Inc., for the period February 28, 1967 to February 28, 1969. Petitioner's predecessors contested the assessments. They claimed the assessments were barred by the Statute of Limitations and, alternatively, that they were entitled to an exemption by reason of section 1115 (subd [a], par [13]) of the Tax Law. Following a hearing, the Tax Commission waived the penalties and interest above the legal minimum which had been imposed but otherwise sustained the assessments.

Petitioner maintains that the assessments are time barred because section 1138 (subd [a], par [1]) of the Tax Law permits a person against whom the tax is assessed to apply for a hearing within 90 days, and, therefore, the assessments were not finally and irrevocably fixed until the Tax Commission rendered its decision on May 24, 1982, after the three-year Statute of Limitations had expired (Tax Law, § 1147, subd [b]). This argument is untenable for, as respondents observe, there could of course be no person against whom the tax is assessed for purposes of section 1138 (subd [a], par [1]) if a notice of determination and demand for payment of the taxes due did not constitute an assessment. Moreover article 28 contains no provisions

making a notice of determination a conditional assessment. Where the Legislature contemplated such a result elsewhere in the Tax Law, the statute specifically declares that the notice becomes an assessment 90 days after mailing (see Tax Law, § 681, subd [b]; § 1081, subd [b]). As the assessments are timely, the substantive issues need to be addressed.

Section 1115 (subd [a], par [13]) of the Tax Law provides an exemption from sales and use taxes for "[t]angible personal property sold through coin operated vending machines at ten cents or less, provided the retailer is primarily engaged in making such sales and maintains records satisfactory to the state tax commission". Here, the Tax Commission found that 80% of petitioner's sales for the applicable period were vending machine sales. Although petitioner's gross sales at 10 cents or less from coin-operated vending machines constituted between 50% and 60% of petitioner's total sales, the Tax Commission nevertheless determined petitioner was not "primarily" engaged in making vending machine sales at 10 cents or less.

 Initially, and least troublesome, is petitioner's contention that the phrase "such sales" included all tangible personal property sold through vending machines. The Tax Commission would limit its application to vending machine sales of 10 cents or less. Since the Tax Commission's interpretation comports with the clear wording of the statute and is neither irrational nor unreasonable, it must stand (*Matter of Berg v Tully,* 92 AD2d 436, 439, mot for lv to app den 60 NY2d 552).

It is the interpretation of the word "primarily", which petitioner claims is arbitrary and erroneous, that gives us pause. "Primarily" has been construed by the Tax Commission to mean that more than 75% of the taxpayer's revenue must be from vending machine sales of 10 cents or less for the exemption to apply (20 NYCRR 528.14 [b]). To sustain this interpretation, the Tax Commission adverts to (1) the weight to be afforded its determination as the administering agency of the statute; (2) the long-standing application of the 75% standard, and the Legislature's apparent silent adoption of it by use of the term "primarily" in another exemption (Tax Law, § 1115, subd [a], par [21]) enacted in

1978; and (3) the necessity for differentiation among the terms "exclusively", "predominantly" and "primarily" used by the Legislature throughout subdivision (a) of section 1115 to qualify exemptions.

Significantly, recourse was not had to the foremost interpretive tool, i.e., legislative intent (*Matter of Grace v New York State Tax Comm.*, 37 NY2d 193). The Legislature's intent in enacting section 1115 (subd [a], par [13]) of the Tax Law was to provide an exemption from sales and use taxes to those vendors who are otherwise obligated to pay taxes which they are unable to pass onto their customers because they are on items priced at 10 cents or less and which, because of the nature of the vending machine sale, cannot be recouped by the vendor through the technique of multiple sales or by bracketing in the sale of higher priced items. Here, the record is devoid of any evidence to aid in determining what percentage of a retailer's revenue need be from vending machine sales of 10 cents or less to achieve this with minimal loss of tax revenue to the State. While we recognize the Tax Commission's special competence and expertise, this does not relieve it of the duty to enforce statutes through regulations thoughtfully designed to accomplish the Legislature's intent in enacting the statute.

Additionally, the suggestion that the Legislature silently approved the Tax Commission's interpretation of "primarily" is dubious at best. There is nothing in the record evincing an awareness of or reliance upon the Tax Commission's interpretation of "primarily" in 20 NYCRR 528.14 (b) by the Legislature when it enacted section 1115 (subd [a], par [21]) of the Tax Law. Nor is there anything before us to denote that the Legislature was made aware of a sales tax information letter and a booklet, published in June, 1967 and March, 1970, respectively, equating "primarily" with 75%.

Petitioner, on the other hand, offers a most persuasive argument for rejecting the Tax Commissioner's construction, namely, the well-established maxim that the words of statutes should be interpreted where possible in their ordinary everyday sense (*Malat v Riddell,* 383 US 569, 571; *Matter of Bolden v Blum,* 68 AD2d 600, 602, affd 48 NY2d 946). "Primarily" is defined as "first of all" (Webster's

Third New International Dictionary, unabridged, p 1800) and as "in the first or most important place", "of first importance", "principally" or, where the context requires, it may mean "essentially or fundamentally" (72 CJS, Primarily, p 500). As no meaning other than the usual connotation of the word "primarily" has been indicated by the Legislature, it should be construed in accordance with its ordinary import. Although departure from a literal reading of the statute is permissible where necessary to effect the legislative purpose, there is not a shred of evidence that this is what occurred.

■ We conclude that the Tax Commission's arbitrary assignment of the 75% figure is irrational. If, for the purpose of predictability, the Tax Commission wishes to apply a uniform minimum percentage of revenue from vending machine sales of items at 10 cents or less instead of determining each case on its own individual facts, the Tax Commission must, in reviewing a taxpayer's eligibility for exemption under section 1115 (subd [a], par [13]), be that 75% or otherwise, first determine that percentage rationally and reasonably, giving due weight to the legislative purpose of the statute.

The determination should be modified, by annulling so much thereof as denied petitioner exemption from taxation for sales through coin-operated vending machines at 10 cents or less, matter remitted to the State Tax Commission for further proceedings not inconsistent herewith, and, as so modified, confirmed, with costs to petitioner.

KANE, J. P., MAIN, MIKOLL and WEISS, JJ., concur.

Determination modified, by annulling so much thereof as denied petitioner exemption from taxation for sales through coin-operated vending machines at 10 cents or less, matter remitted to the State Tax Commission for further proceedings not inconsistent herewith, and, as so modified, confirmed, with costs to petitioner.