## In the Matter of WILLIAM R. HALL, JR., Appellant, v NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, June 6, 1985

**APPEARANCES OF COUNSEL**

*Pattison, Sampson, Ginsberg & Griffin, P. C. (Jeffrey R. Armstrong* of counsel), for appellant.

*Robert Abrams, Attorney-General (Wayne L. Benjamin* and *William J. Kogan* of counsel), for respondent.

**OPINION OF THE COURT**

MAIN, J.

Following audits conducted in early 1979, petitioner was informed by notices of determination and demand for payment of sales and use taxes due dated December 29, 1982 that he was liable as a responsible person under Tax Law §§ 1131 (1) and 1133 for taxes owed by Old Homestead Country Kitchen, Inc., as determined under Tax Law § 1138. The first notice concerned quarterly periods beginning with the period ending February 29, 1976 through the period ending May 31, 1979. The second notice concerned quarterly periods beginning with the period ending August 31, 1979 through the period ending October 9, 1980. In accordance with printed instructions on the notices, petitioner filed petitions for redetermination of deficiency and revision of the determination of sales and use taxes due and sought a hearing pursuant to Tax Law § 1138 (a) (1).

Believing that such a hearing would be beyond respondent's statutory authority, petitioner commenced this proceeding to challenge respondent's jurisdiction. Petitioner contends that because the returns filed for the periods under review were essentially correct and sufficient, respondent has no authority under Tax Law § 1138 (a) (1) to conduct administrative hearings to recover any tax due, but, rather, must request the Attorney-General to bring an action to enforce payment pursuant to Tax Law § 1141 (a). Petitioner further contends that under Tax Law § 1147 (b), respondent has no authority to assess any taxes due more than three years before December 29, 1982, the date of the notices of determination and demand for payment of sales and use taxes due. Special Term, without considering the timeliness issue, granted respondent's pre-answer motion to dismiss the petition for failure to exhaust administrative remedies. From the judgment entered thereon, petitioner appeals.

█ A taxpayer may challenge the taxing authority's jurisdiction as unconstitutional or inapplicable in a manner other than

that prescribed in the Tax Law (see, Matter of First Natl. City Bank v City of New York Fin. Admin., 36 NY2d 87, 92-93; see also, Horner v State of New York, 107 AD2d 64). Thus, this proceeding was properly commenced to challenge respondent's authority to hold a hearing pursuant to Tax Law § 1138 (a) (1). Before deciding whether respondent has jurisdiction to hold such a hearing, however, it is necessary to consider the timeliness issue not addressed by Special Term.

█ Through the service of the notices of determination and demand for payment of sales and use taxes due, assessments were made (see, Matter of Automatique, Inc. v Bouchard, 97 AD2d 183, 184). Tax Law § 1147 (b) provides, in pertinent part: "except in the case of a wilfully false or fraudulent return with intent to evade the tax, no assessment of additional tax shall be made after the expiration of more than three years from the date of the filing of a return; provided, however, that where no return has been filed as provided by law the tax may be assessed at any time." The notices of determination and demand for payment of sales and use taxes due were dated December 29, 1982 and, accordingly, in the absence of any hint of fraud, there cannot be any assessment of sales and use taxes for periods ending three years prior to December 29, 1982, unless no return therefor was filed. It appears from the record that prior to December 29, 1979, the only period for which no tax return was filed was that ending May 31, 1978.[1] Thus, the assessments for those periods ending prior to December 29, 1979, except that period ending May 31, 1978, cannot be made, for they are untimely.[2] We note that petitioner has recently been served with notices and demands for payment of sales and use taxes due covering many of the

1. On this appeal, respondent seems to limit the periods at issue to those beginning with the period ending May 31, 1978 and ending with the period ending October 9, 1980, and we likewise limit our consideration to those periods.

2. The problems underlying this case seem to stem from the fact that almost four years elapsed from the time of the audit to the service of the notices of determination and demand for payment of sales and use taxes due dated December 29, 1982. As discussed in the text, this lapse of time effectively undermined the ability to make assessments of petitioner's tax liability. For those periods wherein no assessments were possible, petitioner should not have been served with the notices dated December 29, 1982, but should have been served with notices and demands for payment of sales and use taxes due, form ST-561 (see, 20 NYCRR 535.6). We decline, as respondent suggests, to treat the forms served as the ones which should have been served for it is through these forms that a taxpayer is advised of actions being taken and problems being encountered. Thus, the use of forms in contravention of respondent's own regulations (id.), cannot be countenanced and we consider this case using the documents as submitted.

same periods enumerated in the notices of determination and demand for payment of sales and use taxes due dated December 29, 1982. Inasmuch as the petition herein does not challenge the more recent notices and demands for payment, we do not address what effect they may have on petitioner's alleged liability or on respondent's authority to collect any tax due.

■ We must now consider whether respondent has authority under Tax Law § 1138 (a) (1) to hold hearings concerning the assessment of taxes due for periods ending May 31, 1978 and after December 29, 1979. Tax Law § 1138 (a) (1) authorizes a hearing to challenge determinations made when "a return required by this article is not filed, or if a return when filed is incorrect or insufficient". It appears from the record that no tax return was filed for those periods ending May 31, 1978, February 29, 1980 and May 31, 1980. Thus, a hearing to challenge the determinations for these periods is warranted. It further appears from the record that the return filed for the period ending August 31, 1980 was incorrect or insufficient. Thus, a hearing to challenge the determination for this period is warranted.

■ For the period ending October 9, 1980, it appears that a correct and sufficient return was filed but that no payment has been made. The Court of Appeals, when confronted with this situation in *Matter of Parsons v State Tax Commn.* (34 NY2d 190), held that Tax Law § 1138, among other statutes, does not confer administrative jurisdiction on respondent to recover unpaid taxes where correct returns have been filed. This rule would seem dispositive. Respondent claims, however, that *Parsons* has been statutorily overruled by the enactment of Tax Law § 171 (21) (L 1979, ch 714, § 1), which requires respondent to provide a hearing as a matter of right to any taxpayer who requests a hearing. Respondent argues that petitioner, by filing the petitions for a redetermination of deficiency and revision of the determination of sales and use taxes due, has requested such a hearing and judicial review prior thereto is inappropriate. We disagree.

Tax Law § 171 (21) was enacted to protect taxpayers' rights (*see,* Governor's Memorandum, 1979 NY Legis Ann, at 431) and it is incongruous that legislation designed to benefit taxpayers would be used to limit the avenues of review available to a taxpayer in the situation now confronting us. Indeed, the statute grants a hearing as a matter of right upon request "unless a right to a hearing is specifically provided for, modified in [*sic*] denied by another provision of this chapter" (Tax Law § 171 [21]), and it appears that Tax Law § 1138 (a) (1), as interpreted

by the Court of Appeals in *Parsons,* modifies the right to a hearing in this situation. Furthermore, respondent's claim that *Parsons* was meant to be overruled by the enactment of Tax Law § 171 (21) is belied by the fact that there is no reference to *Parsons* in the bill jacket to the legislation which enacted said section. The sponsor's memorandum which refers to *Parsons* and which is cited by respondent in support of its claim was for a bill introduced, but never passed, at a legislative session prior to the one at which Tax Law § 171 (21) was enacted and does not support respondent's claim. Thus, the fact that petitioner reserved his rights by seeking administrative review should not prevent him from pursuing this proceeding (*see, Matter of Parsons v State Tax Commn., supra*) and, as noted above, *Parsons* is dispositive. Accordingly, respondent has no authority to proceed administratively under Tax Law § 1138 (a) (1) with regard to the period ending October 9, 1980.

In conclusion, we note that our discussion would seem to limit respondent's authority to proceed administratively and, thus, effectively determines much of the dispute between the parties. In view of the fact that respondent has not yet answered, however, we must simply deny respondent's motion to dismiss the petition (*see,* CPLR 7804 [f]).

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment reversed, on the law, without costs, and motion denied.