■ In the Matter of THOMAS & BETTS CORPORATION, Petitioner, v STATE TAX COMMISSION, Respondent.—Main, J.

In this CPLR article 78 proceeding, petitioner seeks to review respondent's determination that a sales manager's

rented room constituted an office maintained by petitioner in New York, thus subjecting it to payment of corporate franchise taxes pursuant to Tax Law § 209 (1). Respondent's determination sustaining the imposition of these taxes was mailed to petitioner on September 21, 1984 and was received by petitioner on September 24, 1984. Petitioner served a notice of petition in this CPLR article 78 proceeding on January 24, 1985, exactly four months after it received respondent's determination. This petition was dismissed on the ground that the proceeding was barred by the Statute of Limitations, since it was not commenced without four months of the date that respondent's determination was mailed to petitioner (see, Tax Law § 1090 [e]). Petitioner thereafter served an amended petition alleging, inter alia, that respondent's determination violated the commerce clause (US Const, art I, § 8, cl 3), that respondent lacked jurisdiction to tax petitioner and that respondent lacked jurisdiction to nullify a resolution of the matter in petitioner's favor that had previously been proposed at a prehearing conference. The proceeding was then transferred to this court.

Tax Law § 1090 sets forth the general method of judicial review of a decision by respondent. Under Tax Law § 1090 (e), a decision by respondent is deemed final on the day that notice of a decision is sent by certified mail to a petitioner; thus, an application for judicial review of a decision by respondent must be made within four months after the notice is sent (Tax Law § 1090 [a]). Petitioner contends, however, that this limitations period is inapplicable to its petition because, pursuant to Tax Law § 1090 (b), the statute purports to be an "exclusive remedy". When a petition in an article 78 proceeding sets forth a claim that an administrative agency has acted unconstitutionally or lacks jurisdiction in a particular matter, a statutory exclusive remedy provision is inapplicable (Richfield Oil Corp. v City of Syracuse, 287 NY 234, 239). Since petitioner has asserted such claims in its amended petition, which would be treated as having been interposed at the same time the original petition was served for Statute of Limitations purposes (see, CPLR 203 [e]), it asserts that the "exclusive remedy" of Tax Law § 1090 is inapplicable to it. Accordingly, petitioner contends, the four-month Statute of Limitations did not begin to run until it received notice of respondent's determination (see, Matter of Edmead v McGuire, 67 NY2d 714; Matter of Edelman v Axelrod, 111 AD2d 468) and this proceeding was timely commenced.

We do not agree that the fact that petitioner has asserted

constitutional and jurisdictional claims in its amended petition ousts the provisions of Tax Law § 1090. In cases in which so-called "exclusive remedy" statutes have been determined to be inapplicable because of the presence of constitutional and jurisdictional claims, the petitioners generally initiated declaratory judgment actions or article 78 proceedings even though the "exclusive remedy" statutes made other remedies available to the petitioners, which they declined (see, e.g., Richfield Oil Corp. v City of Syracuse, supra; Matter of Hall v New York State Tax Commn., 108 AD2d 488, 489-490; Horner v State of New York, 107 AD2d 64, 65). Here, however, the "exclusive remedy" of Tax Law § 1090 is "judicial review * * * in the manner provided by law for the review of a final decision or action of administrative agencies of the state" (Tax Law § 1090 [a]), i.e., an article 78 proceeding. This is precisely the remedy sought by petitioner in this case. Petitioner does not assert that it is entitled to some form of judicial review other than an article 78 proceeding.

Since petitioner seeks the very kind of judicial review authorized by Tax Law § 1090, the provision of that statute that a decision by respondent is deemed final for Statute of Limitations purposes should not be negated by the fact that petitioner has asserted constitutional and jurisdictional claims. To permit petitioner to utilize a different accrual period than is provided by statute for the same type of proceeding actually initiated here would be illogical. It thus follows that this proceeding was untimely commenced, since it was not commenced within four months of the date on which respondent's determination was deemed final (see, CPLR 217). Therefore, respondent's determination must be confirmed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.