DONALD F. LAKS, Appellant, v DIVISION OF TAXATION OF THE
DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF
NEW YORK, Respondent.

Fourth Department, November 18, 1992

APPEARANCES OF COUNSEL

*Albrecht, Maguire, Heffern & Gregg, P. C.,* Buffalo *(Ralph Gregg* of counsel), for appellant.

*Robert Abrams, Attorney-General,* Buffalo *(Shirley Troutman* of counsel), for respondent.

**OPINION OF THE COURT**

GREEN, J. P.

■ Supreme Court erred in denying plaintiff's motion for summary judgment seeking to declare a tax warrant, filed by defendant pursuant to Tax Law § 1141 (b), null and void. Plaintiff contends he was entitled to judgment because the Division of Taxation cannot issue a warrant against him personally for unpaid corporate sales taxes when it had never been determined in any proceeding that he was a "person liable for the tax." Plaintiff also contends that he cannot be held personally liable for any interest or penalties levied against the corporation and that the filing of a warrant was barred by the three-year period of limitations of Tax Law § 1147 (b).

In his capacity as an employee of Laks Chevrolet, plaintiff filed the corporation's sales tax return for the period ending November 30, 1982, showing a sales tax obligation for $20,539. On August 20, 1983 defendant issued a notice to plaintiff demanding payment of Laks Chevrolet's sales and use taxes, in the amount of $20,539, plus interest and penalties. Plaintiff filed a petition challenging defendant's authority to hold him responsible for the corporation's taxes, interest or penalties. The State Tax Commission rendered its decision on January 28, 1986, stating as its conclusions of law:

"A. That where as here, timely and correct returns were submitted lacking only the remittance of tax as shown, as due thereon, this Commission is not empowered to determine petitioner's liability as 'a person required to collect tax' for the corporation's unpaid sales taxes in an administrative hearing *[Matter of Parson v State Tax Commission,* 34 N.Y.2d

190 (1974); *Matter of William R. Hall v State Tax Commission,* 108 A.D.2d 488 (Third Dept. 1985)].

"B. That since this Commission does not have authority to determine petitioner's liability at an administrative hearing, the petition is dismissed."

No further action was taken by either party until October 25, 1990, when defendant filed a warrant against plaintiff. In July 1991 plaintiff commenced the instant action, seeking judgment declaring the warrant null and void. Following joinder of issue, plaintiff moved for summary judgment. Supreme Court denied the motion, reasoning that Tax Law §§ 1131 and 1133 provide the necessary authority for defendant to determine that plaintiff was personally liable for the corporation's unpaid taxes and that defendant had the option of proceeding against plaintiff either by bringing an action (Tax Law § 1141 [a]) or by issuing a warrant (Tax Law § 1141 [b]). The court also concluded that plaintiff was liable for penalties and interest under section 1145.

We reverse. The Division of Taxation was without authority to determine that plaintiff was a "person liable for the tax" and, thus, the Division had no authority to issue a warrant against him.

Tax Law § 1141 provides the methods available to recover unpaid sales tax. Subdivision (a) provides that, upon the request of the Tax Commission, the Attorney-General shall commence an action to enforce payment of the tax. Subdivision (b) provides: "As an additional or alternate remedy, the *tax commission* may issue a warrant, directed to the sheriff of any county commanding him to levy upon and sell the real and personal property of *any person liable for the tax"* (emphasis added).

The dispute in this action centers around the question whether plaintiff may be considered a "person liable for the tax." Tax Law § 1133 (a) imposes personal liability upon "every person required to collect any tax imposed by this article." A "person required to collect any tax imposed by this article" is defined by section 1131 (1) as including "any officer, director or employee of a corporation or of a dissolved corporation * * * who as such officer, director or employee is under a duty to act for such corporation * * * in complying with any requirement of this article."

Sections 1133 and 1131 (1) of the Tax Law do not provide sufficient authority to permit the Division of Taxation to issue

a warrant against plaintiff as a "person liable for the tax." The determination that an individual is personally liable under article 28 of the Tax Law depends upon the particular facts of each case *(see, Matter of Cohen v State Tax Commn.,* 128 AD2d 1022, 1023; *Vogel v New York State Dept. of Taxation & Fin.,* 98 Misc 2d 222, 227; *Stacy v State of New York,* 82 Misc 2d 181, 183). The Division's own regulations provide that, "[w]hether an officer or employee of a corporation is a person required to collect, truthfully account for, or pay over the sales or use tax is to be determined in every case on the particular facts involved" (20 NYCRR 526.11 [b] [2]).

The Division of Taxation was without authority in the instant case to make such a factual determination. The Court of Appeals held, in *Matter of Parsons v State Tax Commn.* (34 NY2d 190, *supra),* that the State Tax Commission lacked authorization under former Tax Law § 1138 to proceed administratively against a taxpayer who had filed correct returns *(see also, Matter of Hall v New York State Tax Commn.,* 108 AD2d 488, 491, *supra; Stacy v State of New York, supra).* Subsequently, section 1138 (a) was amended to permit the Tax Commission to determine, in an administrative proceeding, the personal liability of corporate officers, directors and employees (Tax Law § 1138 [a] [3] [B], as amended by L 1985, ch 65, § 82). The amendment did not become effective until April 17, 1985, however, and it has not been applied retroactively *(see, Matter of Sergold,* TSB-D-91[43]S [State Tax Appeals Tribunal]).

Thus, an administrative determination of whether plaintiff is a "person liable for the tax" was never available and a judicial determination was never sought. Therefore, the Division of Taxation had no legal foundation or authority upon which to issue a warrant pursuant to Tax Law § 1141 (b) *(see, Chevlowe v Koerner,* 95 Misc 2d 388, 393). The only "person liable for the tax" against which defendant could proceed under this section was the corporation *(see,* Tax Law § 1101 [a]; § 1131 [1]).

To permit the Division of Taxation to issue a warrant without any legal determination of plaintiff's personal liability raises serious constitutional concerns. Taxpayers are entitled, at a minimum, to notice and an opportunity to be heard *(see, Sheehan v County of Suffolk,* 67 NY2d 52, 59, *cert denied* 478 US 1006). Plaintiff has had no such opportunity. The Third Department, in *Arthur Treacher's Fish & Chips v New York State Tax Commn.* (69 AD2d 550, 554-556), held that Tax Law

§ 1141 (b) is unconstitutional insofar as it fails to provide a prompt postlevy hearing into the validity of the Tax Commission's claim against the taxpayer *(see also, State Tax Commn. v Best Pontiac,* 119 Misc 2d 233, 236-237). In response to the *Fish & Chips* decision, the Department of Taxation and Finance adopted regulations providing for a prompt hearing when a warrant is issued prior to an administrative determination of the taxpayer's liability (20 NYCRR part 2394, former part 604). The right to a prompt hearing extends, however, only to taxpayers awaiting a decision of the Tax Commission after an administrative hearing *(see,* 20 NYCRR 2394.1 [b]; 2394.3). Since the Tax Commission was without authority to determine administratively plaintiff's personal liability for the corporation's unpaid sales taxes, the prompt hearing procedure is not available.

Because plaintiff has never been determined to be a "person liable for the tax" due from Laks Chevrolet and has not been afforded an opportunity to dispute his liability for the tax, defendant was without authority to issue a warrant against him.

■ Defendant also had no authority under article 28 of the Tax Law to hold plaintiff liable for penalties and interest. Section 1133 (a) provides that "every person required to collect any tax imposed by this article shall be personally liable for *the tax* imposed, collected or required to be collected" (emphasis added). The statute, by its terms, does not extend personal liability for payment of interest and penalties. If the Legislature intended to obligate persons required to collect the tax to pay penalties and interest, it could have expressly so provided *(see, Matter of Velez v Division of Taxation of Dept. of Taxation & Fin.,* 152 AD2d 87, 89).

The Division of Tax Appeals has itself adopted plaintiff's position in *Matter of Dacs Trucking Corp.* (TSB-D-91[16]S [State Tax Appeals Tribunal]). In *Dacs Trucking,* the Division of Tax Appeals determined that "the restriction of personal liability of an officer to the 'tax' imposed on the corporation is thus clearly intended to exclude liability for the penalty (and interest)." Under the provisions of the Tax Law, plaintiff would be liable only for "the tax", not for penalties and interest.

Plaintiff also contends that the filing of a warrant in October of 1990, over seven years after the Division of Taxation issued a notice and demand for payment and nearly eight

years after the tax became due, is barred by Tax Law § 1147 (b). The three-year limitations period applies to the assessment of *additional* tax, which was not made in the instant case *(cf., Matter of Hall v New York State Tax Commn.,* 108 AD2d 488, *supra).* The tax liability of Laks Chevrolet has never been in dispute. It was not necessary for defendant to conduct an audit or to employ any of the other procedures provided by Tax Law § 1138 for the assessment of *additional* tax because defendant accepted the accuracy of the return as filed.

Accordingly, the order should be reversed and judgment granted declaring the warrant void on the ground that plaintiff has not been determined to be a "person liable for the tax" under Tax Law § 1141 (b).

PINE, BALIO, BOEHM and DAVIS, JJ., concur.

Order unanimously reversed, on the law, with costs, and judgment granted in accordance with the opinion by GREEN, J. P.