■ FRANKLIN W. LORENZ, Respondent, v DIVISION OF TAXATION OF THE DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK, Appellant. [623 NYS2d 455] —Judgment unanimously reversed on the law without costs and judgment granted in accordance with the following Memorandum: This is a declaratory judgment action brought by an individual corporate officer, arising out of an insolvent corporation's failure to pay sales tax. Plaintiff admits that he is a responsible officer of the corporation and concedes his liability for the unpaid sales taxes, but not for any accrued interest and penalties. On the parties' motion and cross motion for summary judgment, Supreme Court granted plaintiff's motion for summary judgment declaring that plaintiff is liable for the tax, but not for penalties or interest computed thereon. Defendant appeals, contending that section 1145 of the Tax Law authorizes the assessment of interest and penalties against a corporate officer who is responsible for failure to pay sales tax.

We grant judgment in favor of defendant declaring that plaintiff, as a responsible officer of the corporation, is liable for penalties and interest computed on sales tax that he concededly failed to pay over. Tax Law § 1131 (1) defines a "person * * * required to collect" sales tax as, *inter alia*, a responsible officer, director, or employee of the corporate taxpayer. Tax Law § 1132 (a) provides that such persons are required to "collect the tax * * * as trustee for and on account of the State" *(see also*, Tax Law § 1817 [k]). Tax Law § 1133 (a) provides that "every person required to collect" sales tax "shall be personally liable for the tax imposed, collected, or required to be collected".

Tax Law § 1145, entitled "Penalties and interest", provides: "Any person failing to * * * pay or pay over any tax * * * shall be subject to a penalty * * * If any amount of tax is not paid * * * interest on such amount * * * shall be paid" (Tax Law § 1145 [a] [1] [i], [ii]). Tax Law § 1145 (a) (7) provides that

penalties and interest are to be "determined, assessed, collected and enforced in the same manner as the tax." That provision, as well as other pertinent provisions set forth in Tax Law § 1138 (a) (3) (B) and (4) and § 1141 (a) and (b), makes clear that a person held liable for failure to pay over sales tax may also be held liable for penalties and interest *(see, Matter of Hall v Tax Appeals Tribunal,* 176 AD2d 1006, 1007; *Matter of Dacs Trucking,* 1991 WL 264482 [State Tax Appeals Tribunal]). We note that the determination of the Tax Appeals Tribunal in *Dacs,* which reversed a contrary decision of the Division of Tax Appeals, undermines the basis for this Court's decision in *Laks v Division of Taxation* (183 AD2d 316, 320). Therefore, to the extent that our decision in *Laks* can be read as holding that a corporate agent may not be held liable for penalties and interest, it is no longer to be followed. (Appeal from Judgment of Supreme Court, Erie County, Joslin, J.—Declaratory Judgment.) Present—Denman, P. J., Balio, Lawton, Callahan and Doerr, JJ.